# State *v.* Stracener

*Habeas Corpus.*

(Decided April 22, 1909.  49 South. 301.)

*Habeas Corpus; Discharge; Evidence; Sufficiency.*—The prima facie case made by the mittimus issued by the justice of the peace on a preliminary hearing is not rebutted or overcome upon an application for discharge from custody by testimony which presents no relation between the act which the accused denied he was connected with and the offense charged in the mittimus.

APPEAL from Shelby Probate Court.

Heard before Hon. A. P. LONGSHORE.

Habeas Corpus by Robert B. Stracener for his discharge from custody under a mittimus issued by a justice of the peace on a preliminary hearing. From an order discharging the petitioner, the state appeals. Reversed and rendered.

ALEXANDER M. GARBER, Attorney-General, THOMAS W. MARTIN, Assistant Attorney-General, and BORDEN H. BURR, Solicitor, for the State.—The petition for habeas corpus should have been denied.—*State v. Durham,* 139 Ala. 661; *Burr, et al. v. Foster,* 132 Ala. 41; *Ex parte McGlown,* 75 Ala. 39; *Ex parte Robinson,* 86 Ala. 624; *Smith v. The State,* 138 Ala. 111.

No counsel marked for appellee.

[State v. Stracener.]

McCLELLAN, J.—Appeal from an order of the judge of probate discharging the petitioner from custody. The sheriff justified his detention of the prisoner under a mittimus issued by a justice of the peace on preliminary hearing. The only witness examined before the judge of probate was the petitioner. The whole evidence purports to be set out in the bill of exceptions. The petitioner testified that he was not present when certain explosions of dynamite took place, that he never gave any one such an explosive, that he had nothing to do with the explosions, and that he did not conspire to explode any dynamite. There is an entire absence of evidence or circumstance tending to show that the death of the party alleged to have been unlawfully slain was caused by these explosions as to which the petitioner testified to his want of connection in any form. Indeed, for aught that appears in the testimony, this defendant may have been guiltless of these explosions, and yet without legal excuse have otherwise killed the deceased. In short, the testimony on the habeas corpus hearing presents no relation between the acts with which the defendant denies his connection and the cause of the death of the deceased. We therefore hold that the prima facie case made by the mittimus was unshaken by any testimony submitted for the petitioner.

We need not consider the other questions argued. The order of discharge is, hence, reversed, and one will be here entered remanding the prisoner to the custody of the sheriff of Shelby county.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.